IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| PECOS RIVER TALC LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. THERESA SWAIN EMORY, DR. RICHARD LAWRENCE KRADIN, AND DR. JOHN COULTER MADDOX,<br><br>    Defendants. | Civil Action No. 4:24-cv-75 |

**MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION TO BIFURCATE DISCOVERY AND AMEND THE SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 1 and 26, Defendants Drs. Theresa Emory, John Maddox, and Richard Kradin (together, the "Doctors") and Plaintiff Pecos River Talc (together, the "Parties") jointly move the Court to bifurcate discovery in this matter, vacate the current case schedule (ECF No. 34), and enter the case schedule jointly proposed herein.[1] The Parties respectfully submit that, in light of the unique circumstances of this case, it would be vastly more efficient for both the parties and the Court to separate discovery into two phases, with phase one examining whether Plaintiff can prove, in connection with its trade libel claim: a "(1) publication (2) with malice (3) of a false statement of fact (4) about the plaintiff's product or property," and phase two examining causation and damages.

In support of this Joint Motion, the Parties state as follows:

---

[1] The Doctors have separately moved for reconsideration of the Court's motion to dismiss decision and to stay discovery pursuant to New Jersey's anti-SLAPP Act, N.J. Stat. Ann. § 2A:53A-52(a). Nothing in this Motion is intended to waive or amend the relief requested in that pending motion.

1

1.     This Court enjoys broad discretion under Fed. R. Civ. P. 26 to manage discovery, including to bifurcate discovery in appropriate circumstances. *See, e.g.*, *Brissett v. Paul*, 141 F.3d 1157, *4–5 (4th Cir. 1998) (approving of bifurcated discovery); *Haley v. FRC Balance LLC*, 2024 WL 2494616, at *2 (E.D. Va. Feb. 28, 2024) (denying objection to magistrate judge's "discretionary decision to bifurcate discovery"). In analyzing whether to exercise this discretion, courts typically consider whether: (i) the issues in the case are segregable; (ii) bifurcation would simplify discovery and conserve judicial and party resources; and (iii) bifurcation would not unduly prejudice either party. *See, e.g.*, *See F&G Scrolling Mouse, LLC v. IBM Corp.*, 190 F.R.D. 385 (M.D.N.C. 1999); *see also Glover v. Hryniewich*, 341 F.R.D. 36, 38–39 (E.D. Va. 2022) (discussing factors for bifurcation of trials, which courts often refer to in considering whether to bifurcate discovery).[2] All three factors strongly favor bifurcation in this case.

2.     Starting with the first factor, the issues in the Parties' proposed "phase one" are discrete and entirely (or nearly so) segregable from those in proposed "phase two." The elements of trade libel under New Jersey law are: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, i.e., pecuniary harm." *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 245 n.8 (3d Cir. 2023). Phase one would be limited to discovery into the first three elements, which would largely focus on a relatively narrow set of issues—namely, the Doctors' statements in their peer-reviewed Article, and their knowledge and intent at the time of publication. Phase two would focus on causation and damages, and would require discovery into a far broader universe of information and witnesses (both fact and expert).

---

[2] "[C]ourts have looked to similar factors as those relevant to the bifurcation of trial when determining whether discovery related to the deferred claims should be stayed." *Ziemkiewicz v. R+L Carriers, Inc.*, No. RDB-12-00438, 2013 WL 2299722, at *2 (D. Md. May 24, 2013).

To take just one example, Plaintiff has alleged—and bears the burden to prove—that "[t]he Article was published in March 2020. The sales volume and profits from Johnson's Baby Powder declined in 2020 . . . The Authors' statements were a cause of this sales decline." Complaint, ECF No. 1, ¶ 145. To rebut this allegation, the Doctors will necessarily seek discovery into other causes of declining sales. This could include, among other things: extensive discovery into the hundreds of lawsuits and resulting settlements/jury verdicts that Johnson & Johnson faced in cosmetic talc cases before the Article was published; analysis of the impact of the Article on litigation outcomes; analysis of the impact of exposés in publications like the New York Times and Reuters before the Article's publication; the 2019 FDA recall, which could potentially require significant third-party discovery, including of the FDA; the impetus for Johnson & Johnson's bankruptcy proceedings; and a survey of consumer views of the company pre- and post-dating the Article's publication. Phase two would also require complex expert discovery into issues such as appropriate methodologies for causation and apportionment of damages. [3]

3.    For these reasons, bifurcating discovery in this case is likely to both simplify discovery and result in significant savings of time and expense. As discussed above, phase one will be much less burdensome—and likely much less expert-heavy—than phase two. And there is always the possibility that the case could be resolved after only the first proposed phase of discovery, meaning the Parties and the Court may *never* need to get to questions of causation and damages in phase two. *See Haley*, 2024 WL 2494616, at *2 ("[W]here 'a particular issue may be dispositive,' [Rule 26] permits a court to 'stay discovery concerning other issues until the critical

---

[3] Neither party is agreeing to the appropriateness of any particular item of discovery, and each party reserves all rights to oppose the opposing party's discovery requests. The parties do agree, however, as discussed above, that the proposed second phase of discovery is likely to be broader and more complex than the proposed first phase.

issue is resolved.'") (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999)). That is precisely the situation here, and supports the Parties' bifurcation request.

4. Finally, the Parties are in agreement that bifurcating discovery would not prejudice either party and in fact would benefit all sides.

5. The Parties have also agreed on a proposed schedule for bifurcated discovery, set forth below:

| Date | Proposed DL |
|---|---|
| May 2, 2025 | 26(a)(2)B Disclosure (Phase One Only) |
| May 30, 2025 | Rebuttal to Above Disclosures (Phase One Only) |
| June 13, 2025 | Sur-Rebuttal By Party With Burden of Proof (Phase One Only) |
| June 27, 2025 | Close of Phase One Fact Discovery |
| July 7, 2025 | Close of All Phase One Discovery |
| July 21, 2025 | Phase One Dispositive/Daubert Motions Cutoff |
| Aug. 22, 2025 | Phase One Dispositive/Daubert Motions Response |
| Sept. 12, 2025 | Phase One Dispositive/Daubert Motions Reply |
| 45 days after decision on Phase One dispositive motion(s) | First Date Any Party May Be Required To Respond To A Phase Two Deposition Notice Or Other Form of Discovery |
| 90 days after decision on Phase One dispositive motion(s) | 26(a)(2)B Disclosure (Phase Two) |
| 120 days after decision on Phase One dispositive motion(s) | Rebuttal to Above Disclosures (Phase Two) |
| 141 days after decision on Phase One dispositive motion(s) | Sur-Rebuttal By Party With Burden of Proof (Phase Two) |
| 165 days after decision on Phase One dispositive motion(s) | Close Of Phase Two Discovery |
| 195 days after decision on Phase One dispositive motion(s) | Phase Two Dispositive/Daubert Motions Cutoff |

| | |
|---|---|
| 215 days after decision on Phase One dispositive motion(s) | Phase Two Dispositive/Daubert Motions Response |
| 230 days after decision on Phase One dispositive motion(s) | Phase Two Dispositive/Daubert Motions Reply |

## CONCLUSION

Accordingly, for the reasons set forth herein and pursuant to Federal Rule of Civil Procedure 1's mandate that "all civil actions and proceedings . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," the Parties respectfully request that the Court grant their Joint Motion, vacate the current case schedule (ECF No. 34), enter the Parties' proposed bifurcated case schedule, and grant such other and further relief as this Court deems just and proper.

Dated: February 28, 2025                              Respectfully submitted,


By:     /s/ *Kathryn M. Ali*
        Kathryn M. Ali (VSB No. 97966)
        Elizabeth C. Lockwood (admitted *pro hac vice*)
        ALI & LOCKWOOD LLP
        501 H Street, Suite 200
        Washington, D.C. 20002
        Telephone: 202-651-2476
        katie.ali@alilockwood.com
        liz.lockwood@alilockwood.com

        *Attorneys for Defendants*


        /s/ *Benjamin L. Hatch*
        Benjamin L. Hatch (VSB No. 70116)
        MCGUIREWOODS LLP
        World Trade Center
        101 West Main Street, Suite 9000
        Norfolk, VA 23510-1655
        Telephone: (757) 640-3727
        bhatch@mcguirewoods.com

Samuel L. Tarry, Jr. (VSB No. 36850)
MCGUIREWOODS LLP
1750 Tysons Boulevard Suite
1800 Tysons, VA 22102-4215
Telephone: (703) 712 5000
starry@mcguirewoods.com

Kristen Fournier
Matthew L. Bush (pro hac vice)
KING & SPALDING, LLP
1185 Avenue of the Americas 34th Floor
New York, NY 10036
Telephone: (212) 556-2100
kfournier@kslaw.com
mbush@kslaw.com

*Attorneys for Plaintiff Pecos River Talc LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of February, 2025, a copy of the foregoing Motion has been filed electronically. Notice of this filing has been served upon counsel of record via the Court's electronic filing system. Access to this filing can be obtained via the Court's electronic filing system.

                                        */s/ Kathryn Ali*
                                        Kathryn Ali